O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE E. PHILLIPS, | Case No. 8:23-CV-00622-CAS (BFM) |
| Plaintiff, | **ORDER APPROVING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |
| v. | |
| THE IRVINE COMPANY LLC ET AL, | |
| Defendant. | |

**I.     INTRODUCTION**

On May 6, 2024, United States Magistrate Judge Brianna Fuller Mircheff (the "Magistrate Judge") issued a Report and Recommendation granting three motions to dismiss filed by the defendants in this case. Dkt. 94 ("R&R"). On May 20, 2024, plaintiff Dale E. Phillips ("plaintiff") filed his objections to the R&R. Dkt. 96 ("Objections").

Pursuant to 28 U.S.C. § 636, the Court has reviewed the records and files herein, the R&R of the Magistrate Judge, and plaintiff's Objections thereto. After

having made a *de novo* determination of the portions of the R&R to which plaintiff's objections were directed, the Court accepts the report, findings, and recommendations of the Magistrate Judge.

## II.  BACKGROUND

On April 6, 2023, plaintiff filed his original complaint, alleging twenty-eight claims for relief against defendants the Irvine Company, LLC, doing business as Fashion Island, Miguel Ramirez, S. Hernandez, Fashion Island Guard Doe 1, Fashion Island Guard Doe 2, the Newport Beach Police Department (the "NBPD"), Officer Doe 1, Officer Doe 2, Chief of Police Jon Lewis, John Doe, and Does 5-20, inclusive.  Dkt. 1.

On June 3, 2023, plaintiff filed his first amended complaint ("FAC").  Dkt. 30.  In his FAC, plaintiff names Officer Doe 1 and Officer Doe 2 as Lieutenant Eric Little and Officer Christian Cornelius (collectively the "officers") of the NBPD.  Id.  On June 29, the City of Newport Beach (the "City"), Officer Cornelius, Lieutenant Little, and Chief Lewis (collectively the "City Defendants"), filed a motion to dismiss.  Dkt. 39.  On August 7, 2023, Hernandez also filed a motion to dismiss.  On September 11, 2023, the Magistrate Judge issued a report and recommendation and a minute order staying briefing on Hernandez's motion to dismiss pending the Court's order on the report and recommendation.  Dkts. 62, 64.  On October 20, 2023, the Court accepted the report and recommendation, granting the motion to dismiss filed by the City Defendants, with leave to amend.  Dkt. 66.

On November 20, 2023, plaintiff filed his second amended complaint.  Dkt. 69 ("SAC").  Therein, plaintiff alleges seventy-two claims for relief stemming from the incident at Fashion Island and subsequent interactions with the NBPD addressed in his earlier complaints.  See generally dkt. 69 ("SAC").  The instant R&R addresses three motions to dismiss plaintiff's SAC: one filed by the City

Defendants, dkt. 79, and two filed by groups of defendants associated with Universal Protection Service, which is the company that employs the security guards at Fashion Island (the "UPS Defendants"), dkts. 76, 90.

On December 4, 2023, defendant Hernandez, one of the UPS Defendants filed his motion to dismiss the SAC. Dkt. 76. On December 6, 2023, the Newport Beach Defendants filed their motion to dismiss the SAC. Dkt. 79. On February 9, 2024, the remaining UPS Defendants filed their motion to dismiss the SAC. Dkt. 90. Plaintiff opposed each motion to dismiss. Dkts. 82, 83, 92. Each set of defendants filed a reply. Dkts. 86, 87, 93.

The facts at issue are comprehensively set forth in the R&R, thus the Court does not repeat them unless relevant to the Court's decision. R&R at 3-7.

### III.   LEGAL STANDARD

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3) (stating "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," and "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions"). Proper objections require "specific written objections to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Where no objection has been made, arguments challenging a finding are deemed waived. See 28 U.S.C. §

636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). Moreover, "[o]bjections to a R&R are not a vehicle to relitigate the same arguments carefully considered and rejected by the Magistrate Judge." Chith v. Haynes, 2021 WL 4744596, at *1 (W.D. Wash. Oct. 12, 2021).

## IV. DISCUSSION

The Court first addresses the claims brought against the City Defendants. Plaintiff brings four claims for relief against Lieutenant Little and Officer Cornelius. SAC ¶¶ 284-301. These are: violation of due process pursuant to 42 U.S.C. § 1983 ("§ 1983") in performance of their official duties; violation of equal protection pursuant to § 1983 in performance of their official duties; negligence; and negligent infliction of emotional distress. R&R at 8. Plaintiff brings two claims for relief against Chief Lewis. SAC ¶¶ 302-305. These are, first, failure to train under § 1983 on the theory that Chief Lewis "knew or should have known that [the NBPD's] inadequate [training] program was likely to result in an equal protection violation based on a pattern of similar violations, and the failure to adequately train caused [p]laintiff's rights to due process and equal protection to be violated." Second, plaintiff brings a claim against Chief Lewis for acts of subordinates pursuant to § 1983 based on an allegation that Chief Lewis knew or should have known of the wrongful conduct of the other officers, that this conduct created a substantial risk of harm to plaintiff, and that he disregarded that risk by failing to prevent the officers' wrongful conduct. R&R at 8-9. Plaintiff also brings one claim against the City for a violation of California Government Code § 815.6, for violation of a mandatory duty, based on a provision of the California Constitution providing victims the right to be treated fairly and with respect and to be free from intimidation, which he claims was violated when officers refused to

take a police report, "implied he was a sexual deviant, failed to investigate the accuracy of the sexual deviant allegation, and ridiculed him." Id. at 7-8.

With regard to the claims against Lieutenant Little and Officer Cornelius, the Court concludes that the R&R is correct to determine that plaintiff fails to state a claim. Plaintiff's due process and equal protection claims are based on the failure to prepare a police report, which without more, is not a constitutional violation. The failure to prepare a police report, as the Magistrate Judge explained, does not amount to a due process violation because citizens do not have an affirmative entitlement to have officers enforce the law on their behalf. R&R at 15 (citing Castle Rock v. Gonzales, 545 U.S. 748, 768 (2005)). In his objections, plaintiff contends that Castle Rock instructed lower courts to look for positive entitlements in sources such as state law, and that pursuant to California law individuals have "'the right to expect that crimes will be thoroughly investigated ….'" Objections at 7 (citing In re Vicks, 56 Cal. 4th 274, 282 (2013)). The Court concludes that even if this is the case, this "right" under California law does not amount to an affirmative entitlement to have a police report prepared in every circumstance as plaintiff asserts.

Plaintiff also objects to the R&R and the finding that the preparation of a police report is discretionary because the Court "had authority and an obligation to pose the question to the California Supreme Court." Objections at 8. The Court concludes that "the decision to certify a question to a state supreme court rests in the sound discretion of the district court." Eckard Brandes, Inc. v. Riley, 338 F.3d 1082, 1087 (9th Cir. 2003) (internal quotations and citations omitted). The Ninth Circuit has held that "[e]ven where state law is unclear, resort to the certification process is not obligatory." Riordan v. State Farm Mut. Auto. Ins. Co., 589 F.3d 999, 1009 (9th Cir. 2009) (citing Lehman Bros. v. Schein, 416 U.S. 386, 390 (1974)). The Court concludes that the Magistrate Judge was correct to decline to

certify the question of whether state law creates an entitlement to have a police report prepared to the California Supreme Court. The Court clearly has discretion to decline plaintiff's request for certification, even when the law is unclear, which the Court concludes in this case it is not.

As to plaintiff's equal protection violation claim against Lieutenant Little and Officer Cornelius, the Court concludes that the Magistrate Judge was right that plaintiff has failed to establish that the officers knew he was a Mormon or that the officers treated him differently on that basis. R&R at 16. Plaintiff has also failed to establish that he is a member of any other protected class and, as the R&R explains, seems to be stating his equal protection claim on the basis that he was denied a police report when other victims of crime would have been provided one. Id. (citing SAC ¶¶ 116-118). This is not the proper basis for an equal protection claim, which requires plaintiff to demonstrate that "defendants acted with an intent or purpose to discriminate against the plaintiff based on membership in a protected class." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff bears the burden of providing evidence of a discriminatory intent or motive, which plaintiff has failed to do here. Navarro v. Block, 72 F.3d 712, 716 (9th Cir. 1995). Plaintiff also "has never suggested that NBPD has a policy or custom of refusing to take police reports from him, or from individuals who are homeless or members of the [Mormon Church], or whom they believe to be sexual deviants, or on any other basis." R&R at 17. The R&R correctly concludes that "[w]ithout such allegations, any claim that NBPD treats similarly situated individuals differently in terms of providing police reports would be doomed to fail." Id. (citing Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 690 (1978).

The Court notes that plaintiff also alleges negligence and negligent infliction of emotional distress claims against Officer Cornelius and Lieutenant Little. The R&R concludes that plaintiff fails to establish any duty owed to him, as necessary

to prove either negligence-based claim against the officers. R&R at 18. Though the Court explained this in its prior order, the Magistrate Judge points out, plaintiff in his SAC still fails to adequately allege claims based on negligence, and thus they are properly dismissed. Id.

The Court also agrees with the conclusion reached in the R&R that plaintiff fails to state claims against Officer Cornelius and Lieutenant Little in their official capacities, as well as in their individual capacities. Id. at 18-19. These claims, as explained in the R&R, are duplicative of the claims against Chief Lewis, and thus should be dismissed, and should also be dismissed for the same reasons they should be dismissed as against Chief Lewis, explained below. Id. at 19 (citing Vance v. City of Santa Clara, 928 F. Supp. 993, 996 (N.D. Cal. 1996)).

The Magistrate Judge also concludes that the claims against Chief Lewis should be dismissed, a finding the Court adopts. The R&R explains that plaintiff is not able to state a failure to train claim because he has not shown that Chief Lewis's subordinates, Lieutenant Little and Officer Cornelius, committed any constitutional violation. R&R at 19-20 (citing Benavidez v. Cnty. of San Diego, 993 F.3d 1134, 1153-54 (9th Cir. 2021). Additionally, plaintiff fails to point to a pattern of constitutional violations by untrained employees, as required to state a claim. Id. at 20 (citing Connick v. Thompson, 563 U.S. 51, 62 (2011)). The Magistrate Judge concludes that despite the explanation of this deficiency in the Court's prior order dismissing plaintiff's First Amended Complaint, plaintiff failed to allege a pattern of constitutional violations in his SAC and makes only the conclusory claim that "he will be able to prove 'a pattern of similar violations.'" Id. (citing SAC ¶ 303). In his objections, plaintiff contends that the Court has generally imposed a pleading standard that is excessively high, citing this example in particular and arguing that he is being asked "to prove his allegations, doing so without the benefit of discovery privileges." Objections at 4. The Court concludes

that the Magistrate Judge imposed the appropriate pleading standard on plaintiff pursuant to Bell Atlantic Corp v. Twombly, 550 U.S. 544 (2007), and that on this claim to which plaintiff raises particular objection, the Ninth Circuit has said that "an inadequate training policy itself cannot be inferred from a single incident." Hyde v. City of Willcox, 23 F.4th 863, 875 (9th Cir. 2022). Accordingly, the Magistrate Judge was correct to recommend dismissal of the failure to train claim, and did not impose an excessively stringent pleading standard on plaintiff in doing so.

Additionally, the Court agrees with the Magistrate Judge's finding that Chief Lewis is not liable under § 1983 for the acts of his subordinates because plaintiff has not alleged any unconstitutional acts by subordinates, nor has he demonstrated that Chief Lewis was personally involved in any constitutional deprivation or that there is a sufficient causal connection between Chief Lewis's wrongful conduct and a constitutional violation. R&R at 21.

As to the California Government Code claim against the City, the Court concludes that the Magistrate Judge was right that this claim is barred because plaintiff failed to present it to the City within six months. Id. at 22 (citing Cal. Govt. Code §§ 905, 911.2(a)). The R&R correctly explains that plaintiff's late discovery of Officer Cornelius and Lieutenant Little's names is not a basis for late filing, nor is the fact that he alleges his injury is ongoing. Id. at 22-23. The Court agrees with the determination in the R&R that plaintiff's claim does not qualify for any kind of tolling and that he "has not alleged any new injury that he suffered within the six months before he presented his claim" more than a year after it accrued, thus his claim is untimely, and must be dismissed. Id. at 23. The Magistrate Judge notes that this was addressed in the Court's prior order and that plaintiff raises one new argument for timeliness, which is that "the statute of limitations is tolled for as long as he has not been permitted to 'appeal' the

'charge' of sexual deviancy," however, the Court explains that he faces no such formal charge.  Id. at 23-24 (citing SAC ¶ 146).

In his objections, plaintiff restates this same argument, contending that the Magistrate Judge relied on the statute of limitations as "a practical bar to all his state-related claims despite a clear showing of lasting injuries that accrue to this day."  Objections at 5.  The Court notes that the R&R relies on the time bar only in relation to the single claim against the City.  R&R at 21-24.  The Court also concludes that this objection does not raise new arguments beyond those properly addressed in the R&R, the analysis of which the Court concludes is correct. Accordingly, the Court agrees that the claim against the City must be dismissed.

The R&R recommends that all claims against the City Defendants be dismissed with prejudice.  Id. at 24.  The Court agrees with this conclusion.  As the Magistrate Judge points out, "[p]laintiff's allegations did not change significantly between the First and Second Amended Complaints," and though plaintiff received instruction from the Court in its prior order about the deficiencies in his claims, he has failed to adequately address the flaws in his amended pleading.  Id.  The Court concurs with the Magistrate Judge's analysis that "the problems with [p]laintiff's arguments against the [City] Defendants are not ones that [p]laintiff is likely to cure," given the flaws in his underlying legal theories.  Id.  Because leave to amend appears to be futile, the Court adopts the Magistrate Judge's recommendation that the claims against the City Defendants should be dismissed with prejudice.  The Court notes plaintiff's global objection as to the pleading standard applied in the R&R but finds, as the Magistrate Judge did, that plaintiff has failed to bring his claims across the line from possible to plausible on his third opportunity to do so in this SAC.  Objections at 3-4; Twombly, 550 U.S. 554.

The R&R also recommends dismissing all claims against the UPS defendants with leave to amend.  The Court agrees that dismissal of these claims is

warranted, for the reasons set forth in the R&R, and that as the Magistrate Judge notes, plaintiff should be given leave to amend since he "has not previously been advised of the deficiencies in these claims." R&R at 25. By way of a footnote, the Magistrate Judge points out that "[i]t is not clear whether dismissal of the § 1983 claims against the [City] Defendants, the only federal claims in the SAC, affects the Court's jurisdiction on the remaining claims," and that plaintiff has alleged diversity jurisdiction as an alternative basis for this Court's jurisdiction, but in his SAC he states only that "'one of the parties is domiciled in a different state' though he does not say which one." Id. at 24, n.3 (citing SAC ¶ 20). The R&R goes on to note that the Irvine Company, LLC "answered and appeared to agree that there is diversity jurisdiction in the case," and states that if the Court accepts the R&R, the Court "will address the question of jurisdiction in a further order." Id. The Court concludes that such an order would be appropriate, and notes that though the Irvine Company, LLC in its answer seemed to accept that jurisdiction pursuant to 28 U.S.C. § 1332(a) is appropriate, for this to be the case, all defendants would need to be diverse (not just one as plaintiff asserts). Dkt. 74 ¶ 20; 28 U.S.C. § 1332(a); Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996) (holding that 28 U.S.C. § 1332 (a) "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). The Court also notes that LLCs, such as the Irvine Company, LLC, "have the citizenship of their owners/members." Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 902 (9th Cir. 2006).

## V.     CONCLUSION

Having completed its review, the Court accepts the findings and recommendations set forth in the R&R.

Accordingly, **IT IS ORDERED** that the City Defendants' motion to dismiss is **GRANTED** with prejudice and without leave to amend and the City Defendants are dismissed from this case.

10

The two motions to dismiss filed by the UPS Defendants are **GRANTED**, without prejudice and with leave to amend.

Plaintiff is given 30 days leave in which to file a Third Amended Complaint remedying the deficiencies in his SAC, or to notify the Court that he intends to proceed on the claims in the SAC which have not been dismissed.

Dated: March 7, 2025

*Christina A. Snyder*
_____
CHRISTINA A. SNYDER
United States District Judge